UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ERICA MILLER, | ] |
| Plaintiff, | ] |
| vs. | ] CV-03-CO-2240-W |
| SCHMITT 21331, LLC, et al., | ] |
| Defendants. | ] |

FILED 03 NOV 13 PM 2:29 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED
NOV 13 2003

MEMORANDUM OF OPINION

Defendants, Braden West Schmitt and Jackie Garcia, filed their motions to dismiss, [Docs. # 8 and # 9], and this court ordered Plaintiff to respond to the said motions before the close of business on October 21, 2003. [Doc. # 13]. Plaintiff, who is represented by an attorney, has not filed any objection to the motions to dismiss or otherwise responded thereto. This court interprets such failure to plead as Plaintiff's acquiescence to said motions. This court notes that the Eleventh Circuit has held:

> Individual capacity suits under Title VII are . . . inappropriate. The relief granted under Title VII is



> against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

*Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995)(quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

The defendants have moved to dismiss the complaint as to them for lack of subject matter jurisdiction. "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts . . . and satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003). The court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). However, the Eleventh Circuit has cautioned that if the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, the court should "find that jurisdiction exists and deal with the [jurisdictional] objection as a

direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942).

Plaintiff asserts jurisdiction and so has the burden of proof on this issue. Plaintiff has failed to offer anything in opposition to the motions and considering the complaint itself, it is clear that the plaintiff has failed to carry her burden.

Defendants' motions, [Docs. # 8 and # 9], are due to be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 13th of November, 2003.

L. Scott Coogler
United States District Judge