UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION



FILED
04 JAN -6 PM 3:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| ERICA MILLER, | ] |
| | ] |
| Plaintiff(s), | ] |
| | ] |
| vs. | ] CV03-CO-02240-W |
| | ] |
| SCHMITT 21331.LLC, | ] |
| | ] |
| Defendant(s). | ] |

ENTERED
JAN 0 6 2004

## MEMORANDUM OF OPINION

The court has for consideration a motion to dismiss for lack of jurisdiction, filed by the defendant Mario Hicks on November 24, 2003. [Doc. # 23.] The court ordered Plaintiff to respond to the said motion before the close of business on December 12, 2003. [Doc. # 24.] Plaintiff, who is represented by an attorney, has not filed any objection to the motion to dismiss or otherwise responded thereto. This court interprets such failure

to plead as Plaintiff's acquiescence to said motion.[1] This court notes that the Eleventh Circuit has held:

> Individual capacity suits under Title VII are ... inappropriate. The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act. We think the proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly.

*Cross v. State of Ala., State Dept. of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995)(quoting *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

The defendant has moved to dismiss the complaint as to him for lack of subject matter jurisdiction. "[W]hen a defendant properly challenges subject matter jurisdiction under Rule 12(b)(1) the district court is free to independently weigh facts ... and satisfy itself as to the existence of its power to hear the case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th

---

[1] The court takes notice that this is the second time Plaintiff and her attorney have failed to respond to a motion to dismiss. The court dismissed defendants Braden West Schmitt and Jackie Garcia on November 13, 2003, as a result of Plaintiff's failure to object or otherwise respond to the motion to dismiss. Similar to the previous motion, this present motion to dismiss is based on grounds that this court lacks subject matter jurisdiction over the action. Therefore, this opinion will substantially mirror the opinion entered November 13, 2003 [Doc. # 17].

Cir. 2003). The court may consider matters outside the pleadings in ruling on a motion under Rule 12(b)(1). *Colonial Pipeline Co. v. Collins*, 921 F.2d 1237, 1243 (11th Cir. 1991). However, the Eleventh Circuit has cautioned that if the facts necessary to sustain jurisdiction implicate the merits of the plaintiff's cause of action, the court should "find that jurisdiction exists and deal with the [jurisdictional] objection as a direct attack on the merits of the plaintiff's case." *Garcia v. Copenhaven, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). The burden of proof on a Rule 12(b)(1) motion is on the party averring jurisdiction. *Thomas v. Gaskill*, 315 U.S. 442, 446 (1942).

Plaintiff asserts jurisdiction and so has the burden of proof on this issue. Plaintiff has failed to offer anything in opposition to the motion and considering the complaint itself, it is clear that the plaintiff has failed to carry her burden.

Defendant's motion, [Doc. # 23], is due to be granted. The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this \_\_6th\_\_ of January, 2004.

                         L. SCOTT COOGLER
                         UNITED STATES DISTRICT JUDGE